IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LOUISE BASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 97-JEO-2224-S |
| | ) | |
| SPECIFICATION RUBBER PRODUCTS, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

In this action, plaintiff Louise Bass (Bass), a former employee of defendant Specification Rubber Products, Inc. (Specification), asserts a sex discrimination claim against Specification in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Presently before the court is the defendant's motion for summary judgment premised on the assertion that Bass' sex discrimination charge exceeds the scope of the Equal Employment Opportunity Commission's (EEOC) investigation which was premised on a charge of age discrimination. The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Upon due consideration, the motion is due to be granted.

### I. BACKGROUND

Bass worked for Specification from November 1, 1986, until about March 31,

1997. Prior to leaving, she was a secretary. (Doct. 7, p. 7, Bass Affidavit).[1] On March 3, 1997, she filed a charge of discrimination with the EEOC. (Doct. 5). The form lists the basis of the discrimination as "age." (Doct. 5, Ex. 2). In support of her claim, she stated:

> I was advised that I will be discharged effective March 31, 1997. I was hired by the above named employer on November 1, 1986 and I currently hold the position of secretary/office clerk. I am 64 years old and my date of birth is March 5, 1933.
>
> I was told by Phillip Robertson, President, that I was being terminated because there was not enough work for me to do. I deny that there is not enough work for me to do. My duties will be assigned to other employees and I believe that I will be replaced by a younger employee.
>
> I believe that I have been discriminated against because of my age (64) in violation of the Age Discrimination in Employment Act.

(*Id.*). Bass asserts, in an affidavit submitted in response to the defendant's motion, that in addition to the above claim, other reasons for her charge were discussed with the EEOC representative that prepared the charge form for her signature. (Doct. 7, Bass Affidavit, p. 1). According to Bass, an additional reason that was not listed in the form was Specification's "recent discovery of [her] affair with [a] co-employee." (*Id.*). The EEOC issued a "Notice of Charge of Discrimination" to Specification thereby notifying the company that Bass had filed the age discrimination charge. (Doct. 5, Ex. 1). The Notice required the company to respond to Bass' allegation.

---

[1] References to "Doct. __" are to the number assigned the individual pleadings by the Clerk of the Court.

Specification filed a response to the age discrimination charge.[2] Among other items, Specification stated:

> In February 1997, President Phil Robertson became aware of rumors concerning a romantic relationship between Ms. Robertson [sic] and another employee. Since the male employee is a manager with some indirect degree of supervisory responsibility over Ms. Bass, and in light of Ms. Bass's known threats about making unfounded sexual harassment allegations, Mr. Robertson felt that he should meet with Ms. Bass to determine whether the relationship was voluntary or whether any factor or coercion might be involved. Mr. Robertson and Carol Ragussa met with Ms. Bass on February 21, 1997. Mr. Robertson inquired as to whether the relationship between the two employees was voluntary. Ms. Bass assured him that their relationship was entirely voluntary and that it was in no way affecting or interfering with her ability to perform her work. Consequently, the subject was considered to be closed. This inquiry was not a factor in the decision to terminate her employment.

(Doct. 7, p. 10). In about April 1997, Bass received a letter from Vanessa Hannah, who worked at the EEOC, indicating that the EEOC had concluded "that it is unlikely additional investigation would result in a finding that the law was violated as you alleged in the...charge." (Doct. 7, p. 16). The letter further informed Bass that if she had additional information she should submit it. Bass responded in a three page letter. In that letter she stated, in part:

> . . . .
>
> Mr [sic] Robertson also brings up the matter of a "romantic liaison" in which I was involved. After meeting with me to question me about this I assured him <u>in front of a witness that</u> this was a voluntary affair and that

---

[2] A copy of a portion of that letter response is included in the plaintiff's submission. (Doct. 7, p. 10).

> I was no threat to the other person or to the company. This should have put his "fears" to rest. I have since asked Ms. Regusa if she remembered my making the remark that he mentions about my "crying rape". She does not!
>
> Perhaps Mr. Robertson sees this involvement as another way to get rid of me without having to suffer the loss of a much more valued employee. . . I was not the one to use the term sexual harassment, he was.
>
> Perhaps what we have here is a case not of sexual harassment, but sexual <u>discrimination</u> in addition to my original charge.
>
> Please place this along with Mr. Robertson's letter in my file for future reference.
>
> . . . .

(Doct. 7, p. 14)(emphasis in original). Thereafter, the EEOC dismissed her complaint stating that the EEOC was "unable to conclude that the information obtained establishes violations of the statutes." (Doct. 5, Ex. 2). The EEOC issued Bass a notice of her right to sue premised on her allegations of age discrimination. (*Id.*).

Bass filed the present suit on August 26, 1997. The complaint alleges only a claim of sex discrimination. (Doct. 1).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is to be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(c); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The party asking

4

for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the nonmoving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970).

The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324. The nonmoving party need not present evidence in a form necessary for admission at trial; however, the movant may not merely rest on the pleadings. *Id.*

After a motion has been responded to, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). The substantive law will identify which facts

5

are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. DISCUSSION

### A. Generally

It is well-settled that a Title VII plaintiff's complaint "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mulhall v. Advance Security, Inc.*, 19 F.3d 586, 589, n.8 (11th Cir. 1994), *cert. denied*, 513 U.S. 919 (1994), *citing Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970); *Turner v. Orr*, 804 F.2d 1223, 1224 (11th Cir. 1986). It is also "well established that 'the scope of an EEOC complaint should not be strictly interpreted.'" *Sanchez*, 431 F.2d at 465. The claim presented in court must be "like or related" to the EEOC charge. *Turner*, 804 F.2d at 1226.

The Eleventh Circuit Court of Appeals has stated:

> As long as allegations in the judicial complaint and proof are "reasonably related" to charges in the administrative filing and "no material differences" between them exist, the court will entertain them. As we have noted . . ., "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."
>
> Judicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate. Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not

6

appropriate.

*Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989), *citing Ray v. Freeman,* 626 F.2d 439, 443 (5th Cir. 1980), *cert. denied,* 450 U.S. 997 (1981), *quoting Sanchez.*

Bass' claim of sex discrimination is not "like or related" to her age discrimination claim that was presented to the EEOC. Numerous other courts have held that sex discrimination claims are not reasonably related to age discrimination claims. *McKinney v. Eastman Kodak Co.*, 975 F. Supp. 462, 465-66 (W.D.N.Y. 1997)(claims of sex discrimination and Family Medical Leave Act violations are clearly outside the scope of the EEOC charge asserting age discrimination and retaliation); *Clemmer v. Enron Corp.*, 882 F. Supp. 606, 611 (S.D. Tex. 1995)(the facts considered in an EEOC investigation for age discrimination and retaliation would be entirely different from those considered in a claim for sex or race discrimination); *Nelson v. Cigna*, 1995 WL 848514 (D. Conn. Dec. 7, 1995) (race and sex discrimination claims not reasonably related to age and disability discrimination claims).

As noted in *Clemmer*, the facts considered in an investigation for age discrimination are different from those in a sex discrimination investigation. *Clemmer*, 882 F. Supp. at 611. The present situation is no different. Bass' charge emphatically alleged a claim of age discrimination. The complaint in this case, however, only alleges a sex discrimination claim which was not presented in the complaint. Therefore, it is due to be dismissed absent some other showing.

### B. Bass' "Like or Related" Considerations

### 1. Oral Statement at the Initial Interview

Bass posits that the sex discrimination charge should be allowed as the allegation was presented to the EEOC orally at the initial interview and in her letter in response to the EEOC's correspondence. Concerning the first aspect of Bass' claim, an EEOC complainant such as Bass is the person with the ability and responsibility to inform the EEOC of the nature of the charge. She possessed the facts undergirding her claim. The complaint she signed was very specific and detailed as to the nature of her charge. It referenced her age or date of birth three times, it stated that she believed she would be replaced by a younger employee, and it was executed by her with the age discrimination box checked.

As noted by the court in *McNight v. Dormitroy Authority of State of N.Y.*, 995 F. Supp. 70, 77 n.2 (N.D.N.Y 1998), the court can presume that the complainant "reviewed the charge before she signed it" and that "she could have amended it to make it accurate" if it was incomplete. *See also Cullom v. Brown*, 1998 WL 142429 (N.D. Ill. March 24, 1998)(plaintiff was barred from raising a race discrimination claim in court where he failed to indicate such a charge anywhere on the EEO complaint at the time of filing when he was represented by counsel and was familiar with the EEO process). Bass' failure to timely correct the charge she now alleges was incomplete or deficient should not inure to her advantage. This is especially true since her inaction caused the

8

EEOC not to notify Specification of this claim. *See Clemmer*, 882 F. Supp. at 611.

### 2. Bass' Letter to the EEOC

Bass' second argument, that her reference to sex discrimination in her letter to the EEOC is sufficiently "like or related to" her original charge is also without merit. The record clearly shows that the EEOC only investigated Bass' age discrimination claim that was properly presented. To expect the EEOC to have done more under the circumstances of this case would not be reasonable. As noted already, Bass did not present her sex discrimination claim in the original charge. She only made a terse comment regarding sex discrimination in her subsequent letter and immediately discounts its merit by stating that when she was asked about the relationship by the president of Specification she stated that the relationship "was a voluntary affair and that I was no threat to the other person or the company." (Doct. 7, p. 14). She goes on to state, "This should have put his 'fears' to rest." (*Id.*). These comments were a retort to Specification's reference in its response to the EEOC wherein it mentioned that an inquiry was conducted shortly before she left into reports that Bass had a relationship with another employee with some indirect supervisory responsibility over her. Specification's response states that the inquiry was not a factor in the decision to terminate Bass' employment. This reference was collateral to the EEOC inquiry and the company's position that her termination was due to Bass' job performance and the elimination of her duties.

9

Bass did not ask to amend her charge. She did not ask the EEOC to investigate any claim of sex discrimination. Instead, she told the EEOC to include her letter and Specification's response in her file for future reference. (Doct. 7, p. 14). There was no further action or investigation of this allegation. To allow the claim at this late juncture would be contrary to the dictates of *Sanchez* that "no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." *Buffinton v. General Time Corporation,* 677 F. Supp. 1186, 1194 (M.D. Ga. 1988), *citing Sanchez,* 431 F.2d at 467. *See also McNight,* 995 F. Supp. at 77 n.2 (To accept a letter as part of the charge would frustrate the purpose of exhaustion where there is no evidence that either the state Department of Human Resources or the EEOC relied on the letter in conducting their investigation.).[3]

This issue is not "like or related" to the claim investigated by the EEOC. To the contrary, an investigation would have focused on additional inquiries such as the identity of the employee with whom she had the relationship, the nature and extent of the relationship, and what actions, if any, were taken concerning the other employee's alleged conduct. Bass, therefore, is not entitled to proceed under the specific facts presented.

---

[3] In the present case, although the EEOC solicited information from Bass after considering the response from Specification, there is no evidence that Bass' suggestion of sex discrimination was acted on or relied upon by the EEOC. This is logical due to Bass' original charge and her terse reference.

## IV. CONCLUSION

For the reasons stated above, defendant Specification's motion for summary judgment is due to be **GRANTED**. An appropriate order will be entered contemporaneously herewith.

DONE this the 27th day of October, 1998.

_____
JOHN E. OTT
UNITED STATES MAGISTRATE JUDGE